FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

JUN 24 2015

CLERK_____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DIANN WATERS, | ) |
| Plaintiff | ) ) ) |
| v. | ) Case No. 6:14-cv-00027-BAE-GRS ) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security | ) ) ) ) ) |
| Defendant | ) |

## CONSENT ORDER ON EAJA FEE REQUEST

This matter is before the Court on the parties' Joint Stipulation for Resolution of Petition for EAJA Fees and Plaintiff's previously filed motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), (Doc. 21). The Joint Stipulation indicates that Plaintiff has agreed to withdraw her EAJA fee petition pursuant to the parties' agreement and stipulation for an award under the EAJA. The Court having considered the Joint Stipulation and petition for EAJA fees,

IT IS ORDERED that Plaintiff is awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,500.00, and that no further requests for fees or costs under the EAJA shall be filed in this case. Defendant IS ORDERED to pay those amounts to Plaintiff, Diann Waters, directly, subject to any offset imposed by the Treasury Department's Offset Program.

The Commissioner shall determine after entry of this Order whether Plaintiff owes a debt to the Government that is subject to 31 U.S.C. §§ 3711 and 3716, which allow for the collection of a federal debt from the amount awarded to Plaintiff. If Plaintiff does owe a debt to the Government, her EAJA fee award will be applied toward such debt by the Treasury

Department's Offset Program, see Astrue v. Ratliff, 560 U.S. 586, 558–91, 130 S. Ct. 2521, 2524–26 (2010), and the Commissioner shall notify the Treasury Department that if any funds remain after the EAJA fee award is applied to her debt, the Treasury Department should issue a check for the remaining funds made payable to Plaintiff and mail that check to Plaintiff's counsel.

Notwithstanding instructions in the preceding paragraph to pay the EAJA award to Plaintiff, if the Treasury Department determines that Plaintiff does not owe a Federal debt subject to setoff, the Commissioner may exercise its discretion to honor Plaintiff's pre-award attempt to assign EAJA fees and pay the awarded fees directly to Plaintiff's counsel, and shall act consistently with its stipulation that it will honor the assignment in the event Plaintiff's EAJA award is not subject to a setoff. See McCullough v. Astrue, 565 F. Supp. 2d 1327, 1332 (M.D. Fla. 2008) (pre-Ratliff decision finding that Reeves v. Astrue, 526 F.3d 732, 734–35 (11th Cir. 2008), does not prevent an assignment of fees).

Plaintiff has stipulated that she withdraws her Motion for Attorney Fees (Doc. 21), and substitutes this Joint Stipulation for her petition. Accordingly, it is FURTHER ORDERED that Plaintiff's EAJA fee petition, (Doc. 21), is denied as moot. The Clerk shall enter a judgment consistent with this Order.

SO ORDERED this 23rd day of June, 2015.

UNITED STATES Magistrate JUDGE